UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Petition of ROANOKE INSURANCE GROUP, INC., et al. | Case No. 21-mc-80110-JCS<br><br>**ORDER DENYING PETITION UNDER RULE 27 AND GRANTING APPLICATION UNDER 28 U.S.C. § 1782** |

## I.  INTRODUCTION

Roanoke Insurance Group, Inc. and W.E. Cox Claims Group (USA) LLC[1] (collectively, the "Insurers") filed an emergency petition under Rule 27 of the Federal Rules of Civil Procedure and application under 28 U.S.C. § 1782 for an order authorizing them to take discovery from the crew of the *M/V One Apus*, a ship currently in San Francisco Bay, regarding an incident where the vessel rolled at sea on November 30, 2020, which resulted in a large number of cargo containers falling overboard or suffering damage. For the reasons discussed below, the petition under Rule 27 is DENIED, but the application under § 1782 is GRANTED, without prejudice to any recipient of a subpoena or other interested party moving to quash.

## II.  BACKGROUND

The *One Apus* is owned by Chidori Ship Holding LLC, bareboat chartered to Jessica Ship Holdings, S.A., time chartered to an affiliate of the NYK Line, sub-time chartered to Ocean Network Express Pte. Ltd., and managed by NYK Ship Management Pte. Ltd. *See* Pet. (dkt. 1) at 2.

---

[1] W.E. Cox Claims Group is acting as a recovery agent for three other insurers. Olson Decl. (dkt. 1-5) ¶ 1.

The Insurers have received several "claims from multiple insureds for loss or damage of deck containers aboard the Vessel," have already paid some claims, and estimate that total exposure could exceed $3,000,000. Garbrecht Decl. (dkt. 1-3) ¶ 12; Olson Decl. (dkt. 1-5) ¶¶ 5–7. The insurers expect that they will bring subrogation claims in various domestic and international forums concerning that loss, but assert that they cannot initiate such litigation until the claims adjustment process concludes. The vessel's owners denied or ignored the Insurers' request to conduct discovery while the vessel was in Japan for presumed repairs, and the Insurers were not parties to a series of miscellaneous actions by other interested parties in the Central District of California that resulted in an agreement for informal discovery for those parties (but not the Insurers) while the *One Apus* was in the Port of Long Beach in March and April of this year. The *One Apus* is scheduled to move from anchor in San Francisco Bay to a berth at the Port of Oakland on May 6 or 8, 2021,[2] and thereafter to leave the United States until August of this year.

The Insurers seek to serve five subpoenas when the *One Apus* berths in Oakland: substantially identical subpoenas to the master, chief mate, and chief engineer of the *One Apus* for testimony and production of documents, Pet. Exs. A–C; subpoenas to the custodians of records for Chidori Ship Holding LLC (the vessel's owner) and Jessica Ship Holdings, S.A. (the vessel's bareboat charterer) for production of substantially the same documents, *id.* Exs. D–E; and a subpoena to the custodian of records for Ocean Network Express (the vessel's sub-time charterer) to permit inspection of the *One Apus*, *id.* Ex. F.

## III. RULE 27

Rule 27 provides for perpetuation of testimony in anticipation of litigation as follows:

> (1) *Petition*. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner

---

[2] The Insurers assert in their petition that the *One Apus* will arrive at the berth on May 6, 2021, Pet. at 5 (citing Garbrecht Decl. (dkt. 1-3) ¶ 14), but the schedule they submit for judicial notice states that it is scheduled for berthing on May 8, 2021, *see* Request for Judicial Notice ("RJN," dkt. 3) Ex. JN-5. The Insurers also state that the "Vessel is expected to remain within [this] District until around May 26, 2021, before it departs again for Asia," Pet. at 1, but the schedule submitted for judicial notice indicates that the *One Apus* will arrive in Guangdong, China on May 24, 2021, RJN Ex. JN-5.

> to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). The rule requires service on adverse parties "[a]t least 21 days before the hearing date," and "[t]he court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented." Fed. R. Civ. P. 27(a)(2).

Without reaching other potential issues regarding the Insurers' Rule 27 petition, the petition is DENIED for failure to identify sufficiently "the facts that the petitioner wants to establish by the proposed testimony" and the "expected substance of the testimony of each deponent." *Cf.* Fed. R. Civ. P. 27(a)(1)(C), (E).

Addressing paragraph (C)—"the facts that the petitioner wants to establish"—the Insurers assert that "the requested discovery seeks the preservation of information concerning the cause and circumstances of the container collapse, which will be the basis of the claims against Interested Underwriters, as well as the ultimate inquiry in all the contemplated litigation over the November 30, 2020 incident." Pet. (dkt. 1) at 8–9. As for paragraph (E)—the "expected substance of the testimony of each deponent"—the Insurers assert that the ship's officers "are reasonably expected to testify, *inter alia*, as to the circumstances immediately prior to the container collapse, the location of the affected area on the deck, the post-incident investigation as to the cause, any immediate remedial actions, the condition of the Vessel/area before the incident, and policies and procedures regarding deck container stowage and vessel loading . . . all of which are within the permissible scope of discovery in accordance with Rule 26(b)(1)." *Id.* at 10.

The Ninth Circuit has made clear that Rule 27 is not a substitute for discovery under Rule 26, citing with approval district courts' conclusions that "'Rule 27 was not intended to be used as a discovery statute'" and that "the rule requires that the testimony to be perpetuated must be 'known testimony.'" *State of Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (quoting *In re Checkosky*, 142 F.R.D. 4, 7 (D.D.C. 1992); *In re Ferkauf*, 3 F.R.D. 89 (S.D.N.Y. 1943)); *see also Checkosky*, 142 F.R.D. at 7 ("The case law makes clear that 'perpetuation' means the perpetuation of *known* testimony, and that the rule may not be used as a substitute for discovery to determine whether a cause of action exists." (citing, *e.g.*, *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975))); *cf. Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 486 (4th Cir. 1999) (affirming an order to perpetuate testimony under Rule 27 where "the Coast Guard had already revealed several engine-related defects on the *Allegra*," and "the district court had some basis to conclude that [the petitioner], in requesting perpetuation of evidence related to the condition of the ship and its engine parts, largely knew the substance of the information that it sought to preserve through Rule 27"). The Ninth Circuit had previously "left open the question of whether Rule 27 permits inquiry as broad as the discovery provisions of Rule 26(b)," but in *Nevada*, it took the "opportunity to close that door," denying a petition by the State of Nevada to take depositions seeking "the thoughts, thought processes, knowledge, and scientific sources utilized by scientists who were involved in reports and studies pertaining to the suitability of Yucca Mountain as a site for a radioactive waste repository." *Nevada*, 63 F.3d at 934, 936.

The Insurers' petition makes clear that they are essentially seeking discovery of presently unknown facts to support their potential subrogation claims against the owners, operators, and/or charterers of the *One Apus*. Pet. at 9 (stating that the Insurers "anticipate filing suit against the various entities potentially liable for petitioners' cargo losses"). Under *Nevada*, however, "Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief." 63 F.3d at 933.[3] The petition under Rule 27 is therefore DENIED.

---

[3] *Nevada* distinguished an earlier decision allowing broader use of Rule 27 by a potential future defendant. *See* 63 F.3d at 936 (discussing *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th

## IV. SECTION 1782

In the alternative, the Insurers seek permission to serve subpoenas under 28 U.S.C. § 1782, which provides in relevant part as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). "[T]he 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004)).

Courts consider the following factors in determining whether to authorize discovery under section 1782:

> [1] whether "the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel*, 542 U.S. 241, 264–65 (2004)). "The district court [is] not required to address explicitly every factor or argument, nor [is] it required to issue a written order." *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015).

The Insurers have made a sufficient showing that the subpoenas they seek to serve are relevant to, and would likely be well-received in, anticipated subrogation proceedings in South Korea, Singapore, and Germany. No other factor weighs against granting the Insurers' application, particularly taking into account the Insurers' stated intent to complete discovery while

---

Cir. 1961)). There is no indication here, however, that the insurers need the information they seek in order to defend rather than pursue anticipated litigation. *See* Pet. at 9.

5

the ship is idle at port, to avoid causing burden by delaying its departure.[4] The Insurers'

application under § 1782 is therefore GRANTED.

**V. CONCLUSION**

For the reasons discussed above, the Insurers' petition under Rule 27 is DENIED, but their application under § 1782 is GRANTED. The Court orders as follows:

1. The Insurers shall provide a courtesy copy of this order and the Insurers' subpoenas to any known counsel for all known current owners, charterers, and operators of the *One Apus* by any means reasonably calculated to provide actual notice no later than May 5, 2021;

2. The Insurers' counsel may alter the dates of the subpoenas before service as needed to accommodate changes in the *One Apus*'s arrival and departure schedule;

3. The Insurers shall serve this order and the subpoenas attached to their application on the stated recipients as soon as possible after the *One Apus*'s arrival at the Port of Oakland;

4. The subpoena recipients shall produce documents responsive to the subpoenas issued by the Insurers, or move to quash, no later than ten days after service of said subpoenas;

5. Ocean Network Express, Chidori Ship Holding LLC, and Jessica Ship Holdings, S.A. shall allow a reasonable inspection of the *One Apus* by individuals designated by the Insurers, or move to quash at least forty-eight hours before the *One Apus* leaves its berth at the Port of Oakland;

6. Ocean Network Express, Chidori Ship Holding LLC, and Jessica Ship Holdings, S.A. shall preserve documents and evidence, electronic or otherwise, in their possession, custody, or control that is potentially responsive to the subpoenas until their obligations under the subpoenas are resolved;[5] and

7. The Court shall retain jurisdiction over this matter as necessary to enforce the terms

---

[4] Any question as to the scope of the subpoenas would be best addressed by a motion to quash.
[5] The Insurers' proposed order would require these entities to preserve evidence "potentially relevant to the subject Incident" indefinitely, but the Insurers' petition provides no argument regarding this Court's authority to order perpetual preservation of evidence potentially relevant to anticipated foreign proceedings. The Court therefore declines to issue such an order. That omission should not, however, be construed as altering any obligation to preserve evidence that might arise independently of this order.

of discovery authorized by this order.

**IT IS SO ORDERED.**

Dated: May 4, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge